# UNITED STATES DISTRICT COURT

Eastern District of Michigan

UNITED STATES OF AMERICA

v.

Piankhi Abu Taylor
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30452

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a [ ] federal offense [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the [ ] date of conviction [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
    - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED AUG 02 2013 CLERK'S OFFICE U.S. DISTRICT COURT EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by [✓] clear and convincing evidence [✓] a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

8/2/13
Date

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Piankhi Abu Taylor Order of Detention

This is a presumption case.

Defendant is charged by way of federal criminal complaint with Felon in Possession of a Firearm, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possession with Intent to Distribute a Controlled Substance.

Defendant is 36 years old, single and the father of two children. Defendant's parents and 10 siblings reside in this district. He is unemployed and his only prior employment was working at a McDonald's restaurant from 1998 to 1999 and working at a car wash from 2000 to 2001. Since 2009 his only source of income is a $710 monthly disability check. Defendant was stabbed in the arm in 2007 and sustained nerve damage to his left hand. Defendant also reports that he was shot in the face on July 7, 2013.

Defendant has been smoking marijuana on a daily basis since the age of 16.

Defendant is known to have used at least two alias names in the past: Deandre Taylor and Deshawn Winston.

The criminal history recited on the Pretrial Services Report is significant, unabated, and spans almost 20 years. Defendant has multiple convictions for Larceny, Retail Fraud, Larceny from a Person, Felony CCW, Possession of Marijuana, and multiple arrests for Attempt Felony Assault, Felony Obstructing Judiciary, Fraudulent Activities, Felony Assault, Felony Drugs, Felony Robbery and traffic offenses. Significantly, in 2004 Defendant violated his probation and remained in absconder status from March 2004 until August 2004 when he was arraigned on a probation violation warrant.

On July 5, 2005 a second warrant was issued for violation of probation and Defendant remained in absconder status until May 19, 2006 when he was arraigned on a probation violation warrant.

A third violation of probation warrant was issued on April 26, 2006 following his conviction for CCW.

Of concern to the court is that after Defendant's ex-girlfriend, Ms. Brittany Carson, was interviewed by Pretrial Services, Defendant challenged the veracity of the Pretrial Officer's

account of her statement to him. The report clearly states that on July 30, 2013 Ms. Carson described herself as Defendant's "ex-girlfriend" when interviewed, and told the Pretrial Services Officer that contrary to Defendant's own interview statement, she and the Defendant have NOT been residing together for the past six months. Ms. Carson further stated at the time of her interview that if Defendant were to be released on bond, that he cannot reside with her at her home. She stated that contrary to Defendant's assertion, he has been living from house to house for the past six months staying with friends and family members, and has not been living with her.

At the time of the Detention Hearing on August 1, 2013, Ms. Carson had morphed from being Defendant's "ex-girlfriend" to Defendant's "girlfriend" and she denied telling the Pretrial Services officer that if released on bond that Defendant could not stay with her at her home. Her position at the time of the hearing was that if released, he could live with her and she maintained that the Pretrial Services Officer misrepresented her statement to him at the time of the interview. At the detention hearing the Pretrial Services Officer confirmed that his report was accurate and reflected in exact detail what he was told by Ms. Carson.

Defendant at the time of the hearing also challenged the accuracy of his criminal history as reported on the Pretrial Services Report. Specifically, he maintains that the 1/26/2004 conviction for Larceny from a Person, and the subsequent two probation violations for twice absconding were actually his brother's convictions and violations. Defendant argued that his brother used Defendant's name when he was arrested and convicted for this charge. The Court adjourned to give both counsel additional time to bring factual evidence to the court which would either support or challenge Defendant's assertions. After re-calling the case, counsel for Defendant agreed with the Government's attorney that the DPD number which was assigned to Defendant is tied to his fingerprints only was consistently used for all of his criminal contacts, including the Larceny from Person conviction at issue, and that the use of an alias would not result in this DPD number being inadvertently assigned to a person using an alias, since that person's fingerprints would not match, and the DPD number is not assigned by name. No additional information was corroborated.

Pretrial Services concluded that Defendant is a risk of flight and a danger to the community based upon the following factors: use of alias names, history of violating probation while on tether, history of absconding from probation two times, history of substance abuse, contradicting information regarding current address, having been transient for the past six months, defendant's prior criminal history and the allegations plead in the instant offense. This Court agrees. This Court finds by a preponderance of the evidence that Defendant does pose a risk of flight, and finds by clear and convincing evidence that Defendant is a danger to the community.

The Court also finds that Defendant has not met his burden of rebutting the presumption of detention.

There is no condition or combination of conditions that will assure Defendant's appearance in Court or the danger of the community. Therefore Detention is Ordered.